IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 15-39-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| NEAL ALLEN MADDOX, | |
| Defendant. | |

Defendant Maddox moves the Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) in light of the COVID-19 pandemic. He is currently serving a 180-month sentence for drug and firearms offenses. *See* Judgment (Doc. 86). His projected release date is October 15, 2028. *See* Inmate Locator, www.bop.gov/inmateloc (accessed Apr. 13, 2021).

Currently, no one at FPC Yankton, South Dakota, where Maddox is incarcerated, has a confirmed, open case of COVID-19. One hundred forty-three inmates and 17 staff members have recovered. *See* Interactive Map, www.bop.gov/coronavirus (accessed Apr. 13, 2021).

1

## I. Motion for Counsel

Maddox asks the Court to appoint counsel to assist him with his motion. *See* Mot. for Release (Doc. 107) at 1. The Criminal Justice Act does not support the appointment of counsel on a motion for compassionate release. *See* 18 U.S.C. § 3006A(a)(1), (2).

## II. Merits of the Motion

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Maddox's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[1] The applicable factors from § 3553(a) may include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and

---

[1] The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). But the guideline has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit now holds that U.S.S.G. § 1B1.13 applies only to motions for release filed by the Director. *See, e.g.*, *United States v. Aruda*, __ F.3d __, No. 20-10245, slip op. at 11, 2021 WL 1307884 at *4 (9th Cir. Apr. 8, 2021) (per curiam); *see also United States v. McCoy*, __ F.3d __, 2021 WL 1168980 at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Jones*, 980 F.3d 1098, 1108–11 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

to provide effective correctional treatment, including education or vocational training and medical care.  *See* 18 U.S.C. § 3553(a)(1), (2).  The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and to provide restitution to victims.  *See id*. § 3553(a)(A), (6)–(7).

Maddox has served about 63 months of a 180-month sentence—just over a third—and seeks a reduction of seven and a half years.  To justify such a large reduction, the Court would require a clear and convincing showing of both an extraordinary and compelling reason and satisfaction of the factors in § 3553(a).

Maddox states that he has a body-mass index of 35.5.  The Centers for Disease Control lists obesity, defined as a body-mass index between 30 and 40, as a factor that will increase a person's risk of developing severe illness if he contracts COVID-19. *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (accessed Apr. 13, 2021).

A medical condition may constitute an "extraordinary and compelling reason" for release.  Maddox's concern about his vulnerability to COVID-19 is understandable, but even in light of his obesity, his situation does not persuade the Court that a reduction is warranted.  There is no need to consider the factors in 18

U.S.C. § 3553(a).

Accordingly, IT IS ORDERED that Maddox's request for counsel and his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 107) are DENIED.

DATED this 13th day of April, 2021.

_____
Dana L. Christensen, District Judge
United States District Court